UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

CHRISTIAN THORBUS,                                                No. 07-10237

                      Debtor(s).
_____/

JAMES HASTINGS,

                      Plaintiff(s),

     v.                                                                                A.P. No. 07-1023

CHRISTIAN THORBUS,

                      Defendant(s).
_____/

Memorandum After Trial
_____

      In June of 2000, debtor and defendant Christian Thorbus listed his property at 25900 Bohan Dillon Road, Cazadero, California, for sale through a real estate broker. The broker prepared a brochure describing the 20-acre river front property and posted copies of it at the entrance gates. While the brochure was generally accurate, there was one mistake: it recited among its selling points "3 bedroom septic systems." In fact, the "granny unit" septic system would not accommodate three bedrooms.

      In October of 2000, Thorbus agreed to sell the property to plaintiff James Hastings for $825,000.00. Most of the purchase price was in the form of a note secured by deeds of trust to both the subject property and Hastings' home in San Anselmo. Escrow closed in early 2001.

      Hastings had taken a copy of the brochure. Nobody had told him the brochure was wrong. He purchased the property in large part because he believed he could build a three-bedroom granny unit. He had

1

discussed his thoughts about building on the property with Thorbus when Thorbus showed him around.

Thorbus had kept up to 16 dogs on the property, which was disclosed to Hastings. Their agreement included an obligation by Thorbus to remove the animal odors from the property.

In 2002, after discovering that he could not build on the property as he wanted due to septic limitations and because of continuing odor problems, Hastings sued Thorbus in state court for breach of contract and fraud. The matter went to a bench court trial in the fall of 2006. At the end of trial, the state court judge rendered a lengty decision on the record. The state court found that there was "fraudulent non-disclosure regarding the septic systems." The court found that Thorbus knew about the incorrect language in the brochure and never took any steps to correct it or to tell Hastings that it was wrong. The court found that Thorbus intended to induce reliance on the false brochure and that his actions amounted to a "scam . . . to get rid of the property." The court ordered rescission of the contract and cancellation of the note secured by the San Anselmo home plus attorney's fees and costs. Thorbus filed his Chapter 7 petition on March 2, 2007. Hastings then commenced this adversary proceeding for a determination that the state court judgment is nondischargeable pursuant to § 523(a)(2) of the Bankruptcy Code.

The matter first came before this court on Hastings' motion for summary judgment, arguing that principles of issue preclusion kept Thorbus from re-litigating whether he had committed fraud. The court denied that motion because, in addition to finding fraud, the state court had found "a failure of consideration because Mr. Thorbus did not use his best efforts to do what was necessary to rid the house and kennel of the smell." The state court specifically held that "the provisions of 1689(b)(2) [of the California Civil Code] have been met, the party to a contract may rescind a contract if the consideration for the obligation of the responding party fails in whole or in part through the fault of the party as to whom he rescinds, and that true in this case." Since the state court based its decision on two grounds, one of which (fraud) results in a nondischargeable debt and one of which (failure of consideration) is dischargeable, the court found that the finding of fraud was not necessary to the decision and therefore issue preclusion (*aka* collateral estoppel) principles did not deprive Thorbus of his ability to defend this adversary proceeding.

At trial, Hastings renewed his argument regarding issue preclusion. He argued that under state law a

2

contract cannot be rescinded for failure of consideration after property had been transferred. The court still declined to apply issue preclusion because the state court clearly thought that failure of consideration justified rescission. Since the state court held that rescission was justified equally for failure of consideration and for fraud, the finding of fraud was not necessary to the decision in the mind of the state court. This court accordingly did not apply issue preclusion to prohibit Thorbus from arguing that he had not committed fraud. Giving preclusive effect to a prior decision of another court is not a blind mechanical exercise but rather a matter of discretion. *Dias v. Elique*, 436 F.3d 1125, 1128 (9th Cir. 2006); *George v. City of Morro Bay (In re George)*, 318 B.R. 729, 733 (9th Cir. BAP 2004), *aff'd*, 144 F. App'x 636 (9th Cir. 2005), *cert. denied*, 126 S.Ct. 1068 (2006).

Nonetheless, after listening to the evidence the court agrees with the state court that Thorbus defrauded Hastings. Thorbus knew about the misstatement in the brochure and did not inform hastings that the brochure was wrong. Instead, Thorbus relied on two disclaimers that he made part of the contract. The first reads:

> Buyer to investigate all aspects of the potential to receive approvals from Sonoma County PRMPD for the addition of a "granny unit" or other improvements on the subject property. Seller or his agent does not guarantee or has made such representation of current building code requirements.

The second disclaimer, in a document initialed paragraph by paragraph by Hastings entitled "Sonoma County Disclosures and Disclaimers Advisory," recites "NO warranty is made by the Seller or the agents in this transaction, regarding the condition of the septic system."

The flaw in Thorbus' argument is that one cannot use a provision in a contract to excuse an express misrepresentation. Attempts by a seller to protect himself from liability for his own fraud by including contract clauses disclaiming any representations are void as against the policy of the law. Cal. Civ. Code § 1668; *Loughrin v. Superior Court*, 15 Cal.App.4th 1188, 1195 (1993); 3 Cal. Real Estate L. & P., § 74.109[5].

From the evidence adduced at trial, the court concludes that Thorbus knew that the brochure prepared by his broker was false and knew that plans Hastings had for the property directly involved the false information in the brochure. Rather than tell Hastings that the brochure was false, Thorbus relied on general

3

contractual disclaimers. Thus, Thorbus was guilty of fraudulent concealment of material facts from Hastings with the intent to induce Hastings to purchase his property. Hastings' reliance on the representations in the brochure was justifiable, notwithstanding his status as an attorney and former real estate broker, in that he had no reason to believe he had been given false information and could not have reasonably interpreted the contractual disclaimers as an admission by Thorbus that he had been deceived.

Since the state court judgment was based on fraud and the contractual attorneys fee provision covers both tort and contract, the attorneys fees and costs as awarded by the state court are nondischargeable. *Cohen v. de la Cruz*, 523 U.S. 213, 223, 118 S.Ct. 1212, 140 L.Ed.2d 341 (1998); *In re Hung Tan Pham*, 250 B.R. 93, 99 (9th Cir.BAP 2000). The court will accordingly enter a judgment declaring that the state court judgment, including all damages, attorneys' fees and costs which may hereafter be included in it, is nondischargeable.

This memorandum constitutes the court's findings and conclusions pursuant to FRCP 52(a) and FRBP 7052. Counsel for Hastings shall submit an appropriate form of judgment forthwith.

Dated: November 1, 2007

Alan Jaroslovsky
U.S. Bankruptcy Judge